**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-01114-005-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Jesus Rivera-Alvarado, | |
| Defendant. | |

Before the Court is Defendant Jesus Rivera-Alvarado's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). (Doc. 391.) For the reasons stated below, the Motion is denied.

## BACKGROUND

On June 30, 2010, a jury found Defendant guilty of conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession of a firearm in violation of 18 U.S.C. §§ 841, 922, 924. In November 2010, he was sentenced to a total of 25 years in prison followed by 10 years of supervised release. (Doc. 249.) Defendant is presently in federal custody with a projected release date of December 22, 2030. He filed the instant motion for compassionate release on December 14, 2020, (Doc. 391) supplementing his initial filing after being appointed counsel.

## DISCUSSION

### I.     Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First

Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

## II.     Analysis

Defendant's medical records establish that he suffers from, and is being treated for, hypertension (high blood pressure), an enlarged prostrate, and a "small tear" in his

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

meniscus. (Doc. 391-2, pp. 2-12). Of those conditions, only hypertension has been identified as a condition that increases a person's risk for severe illness due to COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 25, 2021). Defendant has not, however, established that this increased risk alone constitutes an extraordinary and compelling reason to release him. Many courts have found that hypertension does not warrant release. *See, e.g.*, *United States v. Ferdinand*, No. 13-CR-00764-WHO-8, 2020 WL 5653308, at *1 (N.D. Cal. Sept. 23, 2020) (obesity and hypertension); *United States v. Kapeli*, No. CR 16-00172 JMS, 2020 WL 5665057, at *4 (D. Haw. Sept. 23, 2020) (obesity and hypertension). Moreover, "courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (internal citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). The Court thus finds that Defendant has not established extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c).

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated an extraordinary or compelling reason for his release.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 391) is **DENIED.**

Dated this 28th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge